Filed:  October 8, 1998

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 97-1081
(CA-92-1066-B)

Fraternal Order of Police, etc., et al,

Plaintiffs - Appellees,

versus

Baltimore City Police Department, et al,

Defendants - Appellants.

O R D E R

The court amends its opinion filed September 23, 1998, as follows:

On page 4, section 5 -- the status is changed to read "Remanded by unpublished opinion.  Judge Murnaghan wrote the opinion, in which Senior Judge Butzner and Judge Fox joined."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FRATERNAL ORDER OF POLICE, LODGE 3; ROBERT B. ACKERMAN; EDWARD E. ADELHARDT; DEAL G. ALLEN, JR.; THOMAS MEREDITH ARTHUR; JOHN ROBERT BAILEY; PAUL F. BAILEY; JESS R. BAKER; JOHN F. BAKER, JR.; THOMAS D. BANNON; JOSEPH J. BELING, JR.; THOMAS BERENDS; JOHN MICHAEL BEVILACQUA; GEORGE E. BEWLEY; AUGUST A. BEYER, III; GABRIEL T. BITTNER; RANDY W. BLADES, SR.; PAUL M. BLAIR, JR.; EDWIN J. BOSTON; THOMAS B. BRANNOCK; LARRY BRAY; DAVID R. BROWN; ROGER D. BROWN; ANTHONY G. CANNAVALE, JR.; JOHN CANNON;

No. 97-1081

MICHAEL CANNON; JAMES G. CAPPUCCINO, JR.; MICHAEL J. CASSIZZI; CLIFTON M. CAVEY; JOSEPH A. CHIANCA, JR.; GARY T. CHILDS; JOHN J. CHRISTIAN; JOSEPH C. CHRISTIANSEN; STEVEN D. COTHERN; JOHN S. COWAN, JR.; JOHN G. CREE, JR.; JOHN R. CUNNINGHAM; JACK N. D'AMARIO; JOSEPH J. DARCHICOURT; LEWIS C. DAVIS, III; PAUL E. DAVIS; ROBERT DEANGELIS; GERARD G. DEMANSS; FREDERICK DILLON; CHARLES J. DIXON; STANLEY R. DORSEY; JOHN R. DRAA; E. K. FINKENBINDER; ROBERT FLOYD, JR.; REGIS LEO FLYNN; JOHN FOSTER;

DEBRA L. FOX; MARTY FRIDINGER; MARVIN A. FRONEBERGER; VICTOR CHARLES GEARHART; JOSEPH T. GEFFERT; EDWARD C. GLACKEN, III; PHILIP G. GONYO; BERRY GRANT; VERNON W. GRAY, JR.; LLOYD W. GREEN; J. CHARLES GUTBERLET, III; WILLIAM G. HAMLIN; RICHARD L. HANCOCK; NEIL E. HANSEN; MICHAEL T. HARDING; PHYLLIS K. HARRIS; ROBERT HAUKDAL; DON W. HELMS; JOHN R. HERGENROEDER; HENRY HEROLD, JR.; MICHAEL J. HICKS; LOUIS F. HILL; RUDOLPH HOLLEY; JAMES R. HORNER, SR.; CARL JOHNSON; VAN STEVEN JOHNSON; ROBERT E. JONES, SR.; JAMES V. KELLY; WINDSOR W. KESSLER; JERRY M. KINGSBURY; RICHARD L. KLINE; FREDERICK V. KOCH; EDWARD C. KOLUCH; DONALD F. KRAMER, SR.; DONALD L. KREBS; LOUIS N. KULAGA; MICHAEL T. KUNDRAT; RONALD J. LAMARTINA; JAY C. LANDSMAN; JOHN W. LAUFERT; ROBERT M. LEFTWICH; DAVID LIPSCOMB; HARRY J. LOBER, JR.; RICHARD J. LONG, III; KURT LURZ; LAWRENCE S. MALOY; THOMAS A. MALY; TIMOTHY C. MARKLAND; DOMINIC MASTROMATTEO; JOHN R. MCCULLOM; JOHN E. MCHALE; FRANCIS K. MELCAVAGE;

STANLEY F. MEZEWSKI; C. F.
MILLAND; JOHN H. MILLER; PAUL S.
MILLER; DONALD E. MORGAN;
HAROLD GENE MUNCY; JULIUS
MURFREE; LEANDER S. NEVIN; MIKE
NEWTON; ROGER W. NOLAN; DONALD
E. OAKJONES; EDWARD V.
O'HALLORAN; ROBERT A. OROS;
ALEXANDER F. ORR, JR.; STEPHEN R.
PAGOTTO; NICHOLAS R. PALMERI;
KATHLEEN T. PATEK; KENNETH S.
PEACH; RICHARD PIEL; RICHARD G.
PULLER; TONY C. RESTIVO; JOSEPH B.
RICHARDSON; JOSEPH RIHA; WILLIAM
A. ROBBINS, III; JEFFREY ROSEN;
VICTOR A. SANTIAGO; ANTHONY J.
SARRO, JR.; EDWARD C. SCHMITT, JR.;
JAMES P. SCHUCH; ROBERT P. SHARP;
JAMES R. SHARPE; RUSSELL N. SHEA,
JR.; DAVID W. SHIREY; JOHN V.
SIERACKI, JR.; JOHN L. SIPES; JOHN E.
SLAWINSKI; RONALD M. SMEDBERG;
JAMES E. SMITH; CHARLES A.
SNITZEL; RONALD E. SPENCER;
ROBERT M. STANTON; JAMES
STARLEPER; JAMES R. STEEDMAN; ROY
ALLEN STEVENS; KENNETH M.
STOCKWELL; WILLIAM F. STONE;
HAROLD STREAT; ANDRE M. STREET;
CHRISTOPHER M. STREETT; WILLIAM
SULLIVAN; ALLAN R. SWENSON;

3

MICHAEL L. TABOR; JOSEPH E.
TEANO; JOHN F. TEWEY; THOMAS J.
UZAROWSKI; JERRY VAN DER
MEULEN; WALTER A. VAUGHN;
ROBERT G. VINCI; JO ANN VOELKER;
JOHN L. WADE; JOSEPH WEBER;
CHARLES WERNZ; JOHN M. WHEELER;
GARY F. WHITE, SR.; JOHN WILEY;
MELVIN WILSON; WAYNE R. WILSON,
<u>Plaintiffs-Appellees,</u>

v.

BALTIMORE CITY POLICE DEPARTMENT;
THOMAS C. FRAZIER,
<u>Defendants-Appellants.</u>

INTERNATIONAL MUNICIPAL LAWYERS
ASSOCIATION; THE CITY OF NEW
YORK; SECRETARY OF LABOR,
<u>Amici Curiae.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Walter E. Black, Jr., Senior District Judge.
(CA-92-1066-B)

Argued: July 16, 1997

Decided: September 23, 1998

Before MURNAGHAN, Circuit Judge, BUTZNER,
Senior Circuit Judge, and FOX, United States District Judge
for the Eastern District of North Carolina,
sitting by designation.

_____

Remanded by unpublished opinion. Judge Murnaghan wrote
the opinion, in which Senior Judge Butzner and Judge Fox
joined.

4

**COUNSEL**

**ARGUED:** John D. Maddox, ARTER & HADDEN, Washington, D.C., for Appellants. Edward Dean Sieger, Senior Appellate Attorney, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Amicus Curiae Secretary. Michael Lawrence Marshall, SCHLACHMAN, BELSKY & WEINER, P.A., Baltimore, Maryland, for Appellees. **ON BRIEF:** Thomas H. Odom, Terri L. Bowman, ARTER & HADDEN, Washington, D.C.; Otho M. Thompson, City Solicitor, James S. Ruckle, Jr., Associate City Solicitor, BALTIMORE CITY LAW DEPARTMENT, Baltimore, Maryland, for Appellants. J. Davitt McAteer, Acting Solicitor of Labor, Allen H. Feldman, Associate Solicitor for Special Appellate and Supreme Court Litigation, Nathaniel I. Spiller, Deputy Associate Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Amicus Curiae Secretary. Henry W. Underhill, Jr., Donna Clemons-Sacks, INTERNATIONAL MUNICIPAL LAWYERS ASSOCIATION, Washington, D.C.; Renee R. Christina, Greenville, South Carolina, for Amicus Curiae IMLA. Paul A. Crotty, Corporation Counsel of the City of New York, Kristin M. Helmers, Timothy J. O'Shaughnessy, New York, New York, for Amicus Curiae City.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

MURNAGHAN, Circuit Judge:

Appellant, Baltimore City Police Department (City), appeals the district court's denial of its motion for summary judgment in a suit brought by the Fraternal Order of Police and various City police sergeants and lieutenants (collectively, Officers), to collect overtime compensation they believe they are entitled to under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 207-219. Following summary judgment, the district court certified four questions of law pursuant to

5

28 U.S.C. § 1292(b), and we granted the City permission for an interlocutory appeal.

I.

The first certified question is:

> Whether Department of Labor (DOL) regulations establishing criteria for exemption, 29 C.F.R. Part 541 (with the exception of 29 C.F.R. § 541.5d) are invalid as applied to States and their subdivisions because they were promulgated without adequate notice and comment as required by the Administrative Procedure Act (APA), 5 U.S.C. § 553?

The FLSA mandates that covered employers pay overtime compensation to eligible employees at a rate of one and a half times the employee's regular rate of pay for each hour worked. See 29 U.S.C. § 207(a)(1). The Act expressly excludes from that requirement any employee who works in a "bona fide executive, administrative, or professional capacity," as those terms are "defined and delimited" by the Secretary of Labor. See 29 U.S.C. § 213(a)(1). In 1938, DOL promulgated regulations, 29 C.F.R. Part 541, to define the duties that qualify for executive, administrative, or professional exemption. The exemption was further defined during the 1940s, with DOL's creation of the "salary basis" and "primary duty" tests, both of which provide standards for the application of Part 541. See 14 Fed. Reg. 7705-07, 7730-40 (1949).

As originally enacted, the FLSA applied only to private sector employers. However, in 1974, Congress amended the Act to include within the definition of a covered employer any "public agency," thereby making the FLSA applicable to a broad range of state and local government employers. See 29 U.S.C. § 203(d). The 1974 amendments were initially declared unconstitutional by the Supreme Court in National League of Cities v. Usery, 426 U.S. 833 (1976), on the ground that they encroached upon "traditional governmental functions," such as police activities, that are beyond the reach of the federal commerce power, id. at 852. But nine years later, in Garcia v. San Antonio Metro. Transit Auth., 469 U.S. 528 (1985), the Supreme

6

Court overruled <u>National League of Cities</u>, and Congress reinstated the extension of the FLSA to state and local governments.

In the case at bar, the City contends that Part 541 is invalid because DOL failed to undertake notice and comment rulemaking, pursuant to the APA, 5 U.S.C. § 553(b)-(d), following the extension of the FLSA to public agencies. We believe the City's argument is foreclosed by the Supreme Court's recent decision in <u>Auer v. Robbins</u>, 117 S. Ct. 905 (1997). There, the St. Louis Board of Police Commissioners argued that DOL acted arbitrarily and capriciously in failing to revisit rulemaking with respect to the FLSA's salary-basis test in the wake of <u>Garcia</u>. <u>See id.</u> at 908. However, the Court rejected the claim as premature, since the Commissioners had not first petitioned DOL to undertake amendatory rulemaking, as required by § 553(e) of the APA. <u>See id.</u> at 910. The Court held that"complaints about the failure to amend the disciplinary-deduction rule cannot be raised in the first instance in the present suit. . . . The proper procedure for pursuit of respondents' grievance is set forth explicitly in the APA: a petition to the agency for rulemaking, § 553(e), denial of which must be justified by a statement of reasons, § 555(e), and can be appealed to the courts, §§ 702, 706." <u>Id.</u>

We believe the present case is indistinguishable from <u>Auer</u>. While it is true that <u>Auer</u> recognized an exception from § 553(e)'s petition-filing requirement in cases where the challenge pertains to a failure to comply with notice and comment procedures, <u>see id.</u>, the City concedes, as it must, that DOL complied with all necessary notice and comment requirements when Part 541 was promulgated.* In light of that concession, it is clear that the City's challenge, although phrased in terms of notice and comment, is really an attack on DOL's failure to revisit rulemaking in the wake of <u>Garcia</u>. Therefore, because the record does not reveal that the City has petitioned DOL to undertake amendatory rulemaking, we conclude that the City's challenge is premature.

_____

* <u>See</u> 12 Fed. Reg. 6896 (1947) (providing notice); 14 Fed. Reg. 5573 (1949) (same); 14 Fed. Reg. at 7705 (subpart A regulations); 14 Fed. Reg. at 7730 (subpart B regulations).

7

II.

The second certified question is:

> Whether application of Part 541 to law enforcement management by States and their subdivisions is arbitrary, capricious, and inconsistent with congressional intent?

This inquiry, like the first, is answered by the Supreme Court's decision in Auer. See 117 S. Ct. at 910. We therefore conclude that the City's challenge is premature.

III.

The third certified question is:

> Whether application of the FLSA and Part 541 to States and their subdivisions is a result of a failure in the national political process that places an undue burden on States and their subdivisions within the meaning of Garcia?

The City maintains that application of the FLSA to state and local law enforcement agencies results from a failure of the national political process and places an undue burden on those entities in violation of Garcia. See 469 U.S. at 556 ("The political process ensures that laws that unduly burden the States will not be promulgated."); see also South Carolina v. Baker, 485 U.S. 505, 512 (1988) ("Garcia left open the possibility that some extraordinary defects in the national political process might render congressional regulation of state activities invalid under the Tenth Amendment . . . .").

We find the City's contention to be without merit. Although the City called two experts who testified that the power of political action committees has limited the City's ability to bring about change in the structure and application of the FLSA, we think that evidence is insufficient to demonstrate a failure in the national political process. The City presented no evidence to suggest that it is unable to petition DOL to change its regulations; to lobby Congress to amend the FLSA or elect new congressmen who might do so; or to combine its efforts

8

with other cities and states in order to increase its resources and bargaining power. We therefore agree with the district court that the City has no claim under Garcia.

IV.

The fourth certified question is:

> Whether application of the FLSA and Part 541 to state and local police management is unconstitutional?

The present case was initially held in abeyance pending our decision in West v. Anne Arundel County, Md., 137 F.3d 752 (4th Cir. 1998). In West, we held that, in light of Garcia, inferior state and federal courts are precluded from holding the FLSA unconstitutional because it has been extended to include state and local governments. See id. at 760. In light of that holding, we answer the fourth certified question in the negative.

V.

In summary, our answers to the four certified questions are as follows:

First and Second questions -- premature, without prejudice to administrative remedies;

Third and Fourth questions -- no.

The case is remanded for further proceedings consistent with this opinion. Each party shall bear its own costs.

REMANDED

9